MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
IRENE GUTIERREZ MEZA, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

-against-

RAINBOW CLEANERS OF NY, INC. (D/B/A ECOMERIT CLEANERS), SC TRADING SUPPLY INC. (D/B/A ECOMERIT CLEANERS), CHAE CLEANER SUPPLY INC. (D/B/A ECOMERIT CLEANERS), PAUL CHUNG, and JOHNNY DOE,

                *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Irene Gutierrez Meza ("Plaintiff Gutierrez" or "Ms. Gutierrez"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Rainbow Cleaners of NY, Inc. (d/b/a Ecomerit Cleaners), SC Trading Supply Inc. (d/b/a Ecomerit Cleaners), Chae Cleaner Supply Inc. (d/b/a Ecomerit Cleaners), ("Defendant Corporations"), Paul Chung and Johnny Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Gutierrez is a former employee of Defendants Rainbow Cleaners of NY, Inc. (d/b/a Ecomerit Cleaners), SC Trading Supply Inc. (d/b/a Ecomerit Cleaners), Chae Cleaner Supply Inc. (d/b/a Ecomerit Cleaners), Paul Chung, and Johnny Doe.

2. Defendants own, operate, or control a dry cleaner, located at 240 Madison Avenue, New York, New York 10016 under the name "Ecomerit Cleaners."

3. Upon information and belief, individual Defendants Paul Chung and Johnny Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the laundromat as a joint or unified enterprise.

4. Plaintiff Gutierrez was employed as a dry cleaner worker at the laundromat located at 240 Madison Avenue, New York, NY 10016.

5. At all times relevant to this Complaint, Plaintiff Gutierrez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Gutierrez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Gutierrez to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Gutierrez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Gutierrez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gutierrez's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Gutierrez was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

13. Plaintiff Irene Gutierrez Meza ("Plaintiff Gutierrez" or "Ms. Gutierrez") is an adult individual residing in Kings County, New York.

14. Plaintiff Gutierrez was employed by Defendants at Ecomerit Cleaners from approximately October 2012 until on or about October 4, 2019.

15. Plaintiff Gutierrez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 240 Madison Avenue, New York, New York 10016 under the name "Ecomerit Cleaners."

17. Upon information and belief, Rainbow Cleaners of NY, Inc. (d/b/a Ecomerit Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 240 Madison Avenue, New York, NY 10016.

18. Upon information and belief, SC Trading Supply Inc. (d/b/a Ecomerit Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 240 Madison Avenue, New York, New York 10016.

19. Upon information and belief, Chae Cleaner Supply Inc. (d/b/a Ecomerit Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 240 Madison Avenue, New York, New York 10016.

20. Defendant Paul Chung is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Paul Chung is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Paul Chung possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Johnny Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Johnny Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Johnny Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

# FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a laundromat located in the Midtown South section of Manhattan in New York City.

23. Individual Defendants, Paul Chung and Johnny Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Gutierrez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gutierrez, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Gutierrez (and all similarly situated employees) and are Plaintiff Gutierrez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Gutierrez and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Paul Chung and Johnny Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Gutierrez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gutierrez's services.

30. In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundromat on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Gutierrez is a former employee of Defendants who was employed as a dry cleaner worker.

33. Plaintiff Gutierrez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Irene Gutierrez Meza*

34. Plaintiff Gutierrez was employed by Defendants from approximately October 2012 until on or about October 4, 2019.

35. Defendants employed Plaintiff Gutierrez as a dry cleaner worker.

36. Plaintiff Gutierrez regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

37. Plaintiff Gutierrez's work duties required neither discretion nor independent judgment.

38. Throughout her employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week.

39. From approximately October 2013 until on or about January 2017, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about 5:00 p.m., 3 days a week, from approximately 7:00 a.m. until on or about 6:00 p.m., 2 days a week, and from approximately 8:00 a.m. until on or about 5:00 p.m. to 5:15 p.m., one day a week (typically 61 to 61.25 hours per week).

40. From approximately January 2017 until on or about December 2018, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about 4:00 p.m., 5 days a week and from approximately 8:00 a.m. until on or about 3:00 p.m. to 4:15 p.m., one day a week (typically 52 to 53.25 hours per week).

41. From approximately January 2019 until on or about June 2019, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about 4:00 p.m., 3 days a week and from approximately 8:00 a.m. until on or about 2:00 p.m. to 4:15 p.m., 3 days a week (typically 45 to 51.75 hours per week).

42. From approximately June 2019 until on or about September 15, 2019, Plaintiff Gutierrez worked typically 40 hours per week.

43. From approximately September 16, 2019 until on or about October 4, 2019, Plaintiff Gutierrez worked typically 45 to 46 hours per week.

44. From approximately October 2013 until on or about February 2017, Defendants paid Plaintiff Gutierrez her wages in cash.

45. From approximately February 2017 until on or about October 4, 2019, Defendants paid Plaintiff Gutierrez her wages by personal check.

46. From approximately October 2013 until on or about January 2014, Defendants paid Plaintiff Gutierrez a fixed salary of $420 per week.

47. From approximately February 2014 until on or about February 2015, Defendants paid Plaintiff Gutierrez a fixed salary of $440 per week.

48. From approximately February 2015 until on or about February 2016, Defendants paid Plaintiff Gutierrez a fixed salary of $460 per week.

49. From approximately February 1, 2017 until on or about February 15, 2017, Defendants paid Plaintiff Gutierrez a fixed salary of $480 per week.

50. From approximately February 16, 2017 until on or about February 2018, Defendants paid Plaintiff Gutierrez $11.00 per hour and $16.50 per hour some of her overtime hours.

51. From approximately February 2018 until on or about December 2018, Defendants paid Plaintiff Gutierrez $13.00 per hour and $19.50 per hour some of her overtime hours..

52. From approximately January 2019 until on or about October 4, 2019, Defendants paid Plaintiff Gutierrez $15.00 per hour and $22.50 per hour some of her overtime hours..

53. For approximately one day of work in 2017, Defendants did not pay Plaintiff Gutierrez any wages for her work.

54. Plaintiff Gutierrez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

55. For example, Defendants required Plaintiff Gutierrez to work an additional 15 minutes past her scheduled departure time one to three days a week, and did not pay her for the additional time she worked.

56. Defendants never granted Plaintiff Gutierrez any breaks or meal periods of any kind.

57. Nevertheless, Defendants deducted 3 hours per week from Plaintiff Gutierrez's weekly paycheck for meal breaks she never took .

58. Prior to 2017, Plaintiff Gutierrez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

59. Although from approximately 2017 until on or about October 4, 2019, Plaintiff Gutierrez was required to keep track of her time, Defendants required her to record fewer hours than she actually worked. In fact, the manager would punch out for her at a time that was before her actual departure time. As a result, Plaintiff Gutierrez was not compensated for all of the hours that she worked.

60. In addition, in order to get paid, Plaintiff Gutierrez was required to sign a document in which Defendants misrepresented the hours that she worked per week.

61. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gutierrez regarding overtime and wages under the FLSA and NYLL.

62. Defendants did not provide Plaintiff Gutierrez an accurate statement of wages, as required by NYLL 195(3).

63. In fact, Defendants adjusted Plaintiff Gutierrez's paystubs so that they reflected inaccurate wages and hours worked.

64. Defendants did not give any notice to Plaintiff Gutierrez, in English and in Spanish (Plaintiff Gutierrez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65. Defendants required Plaintiff Gutierrez to purchase "tools of the trade" with her own funds—including 6 t-shirts, a pair of shoes per year and 3 sweaters.

*Defendants' General Employment Practices*

66. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

67. Plaintiff Gutierrez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

68. Defendants' pay practices resulted in Plaintiff Gutierrez not receiving payment for all her hours worked, and resulted in Plaintiff Gutierrez's effective rate of pay falling below the required minimum wage rate.

69. Defendants habitually required Plaintiff Gutierrez to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

70. Defendants' time keeping system did not reflect the actual hours that Plaintiff Gutierrez worked.

71. Prior to 2017, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

72. Defendants required Plaintiff Gutierrez to sign a document that reflected inaccurate or false hours worked.

73. Defendants paid Plaintiff Gutierrez her wages in cash and then by personal checks.

74. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gutierrez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gutierrez properly for her full hours worked.

76. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gutierrez and other similarly situated former workers.

78. Defendants failed to provide Plaintiff Gutierrez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79. Defendants failed to provide Plaintiff Gutierrez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80. Plaintiff Gutierrez brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81. At all relevant times, Plaintiff Gutierrez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

82. The claims of Plaintiff Gutierrez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83. Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Gutierrez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87. Defendants failed to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88. Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90. Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Gutierrez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92. Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93. Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94. Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

95. At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

96. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Gutierrez less than the minimum wage.

97. Defendants' failure to pay Plaintiff Gutierrez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98. Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

99. Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

100. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gutierrez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101. Defendants' failure to pay Plaintiff Gutierrez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102. Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

103.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to provide Plaintiff Gutierrez with a written notice, in English and in Spanish (Plaintiff Gutierrez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105.    Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

106.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

107.    With each payment of wages, Defendants failed to provide Plaintiff Gutierrez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108. Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

109. Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

110. Defendants required Plaintiff Gutierrez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

111. Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

112. Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

113. At all relevant times, Defendants were Plaintiff Gutierrez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

114. Defendants made unlawful deductions from Plaintiff Gutierrez's wages including, but not limited to, deductions for meals she never ate.

115. The deductions made from Plaintiff Gutierrez's wages was not authorized or required by law.

116. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Gutierrez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

117. Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gutierrez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gutierrez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gutierrez and the FLSA Class members;

(f) Awarding Plaintiff Gutierrez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Gutierrez and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Gutierrez's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Gutierrez;

(l)     Awarding Plaintiff Gutierrez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Gutierrez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Gutierrez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Gutierrez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Gutierrez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

 (r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Gutierrez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
   October 22, 2019

             MICHAEL FAILLACE & ASSOCIATES, P.C.

          By:  /s/ Michael Faillace
             Michael Faillace [MF-8436]
             60 East 42nd Street, Suite 4510
             New York, New York 10165
             Telephone: (212) 317-1200
             Facsimile: (212) 317-1620
             *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 4, 2019

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                 Irene Gutierrez Meza

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:             *[signature]*

Date / Fecha:                4 de Octubre del 2019

*Certified as a minority-owned business in the State of New York*