# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165  
ramsha@csm-legal.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

September 2, 2022

**VIA ECF**  
Judge Lewis. J. Liman  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street  
New York, New York 10007

      **Re:**    Gutierrez Meza et al v. Rainbow Cleaners of NY, Inc. et al  
             Index No.: 19-cv-09746-LJL

Your Honor:

    This office represents the Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

    **1.**    **Background**

    Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to pay minimum wage; the failure to provide wage notices; the failure to pay spread of hours; and the failure to provide accurate wage statements along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiff alleges that she is entitled to back wages of approximately $72,731.68 and that if she had recovered in full for her claims, exclusive of attorney's fees, she would be entitled to approximately $185,261.86 A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

    Plaintiff alleges that she was employed by the Defendants as a dry cleaner worker at Defendants' dry cleaners, d/b/a "Ecomerit Cleaners", located at 240 Madison Ave, New York, NY 10016. Plaintiff also alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to provide annual notice and wage statements. Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

    **Relevant Standard**

    To determine whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens

September 2, 2022
Page 2

and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id.; *see also Beckert v. Rubinov*, No. 15–cv–1951, 2015 WL 6503832, at *1 (S.D.N.Y., Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema* 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

## 2. The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $7,000.00. Pursuant to the Agreement, the initial payment shall be made thirty (30) days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Defendants produced some records showing the wages for the hours Plaintiff worked. Even though Plaintiff disputes the accuracy and completeness of these records, to support her position, Plaintiff relied solely on her recollection, as she had no documentary evidence to support her claims. Defendants also provided evidence of compensation that Plaintiff received as a result of a previous Department of Labor investigation. Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, her damages were not near what Plaintiff claimed them to be. Plaintiff understands that that should she continue to litigate her claims, there is no guarantee she would recover what she believes she is owed. Based on these disputes the Parties engaged in good-faith, arm's length settlement negotiations, regarding Plaintiff's claims. Considering the prospect of protracted litigation and an uncertain result, Plaintiff feels that the Agreement represents a fair compromise.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $2,794.66 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation with costs, which represents a negative multiplier of the lodestar amount. The remaining $4,204.34 is payable directly to the Plaintiff.

Plaintiff's counsel's lodestar in this case is $4,847.50 and Plaintiff's costs are $692.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-cv-00105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-cv-08706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-07961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the Agreement.

Given Plaintiff's counsels' experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work outlined in the Billing Record attached as "Exhibit C" and their rates in this matter is as follows:

    i. Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing

      rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

ii. Gennadiy Naydenskiy ("GN") was a Litigation Associate of Michael Faillace & Associates P.C. now CSM Legal P.C. Gennadiy Naydenskiy is reflected in Exhibit C as "GN" is billed at a rate of $350 per hour. Prior to joining Michael Faillace and Associates, P.C, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions.

iii. I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit C as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, and the United States District Court, Eastern District of New York. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing Plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

iv. Work performed by paralegals ("PL") are billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved "[H]ourly rates for paralegals to $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citiation omitted) (finding that the party labeled "PL" was a paralegal and holding that the requested hourly rate of $100 was reasonable; *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for individual with initials "PL" from same firm).

    Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                        Respectfully submitted,

                        **CSM LEGAL, P.C.**

                        By: _____
                              Ramsha Ansari, Esq.
                              60 East 42nd Street, Suite 4510
                              New York, NY 10165
                              212-317-1200
                              ramsha@csm-legal.com

September 2, 2022
Page 5

Enclosures

CC: All Counsel (via ECF)